**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4979**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

ALPHONSO RODRIGUEZ, a/k/a Alphonso Rodirguez,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville. Louise W. Flanagan, Chief District Judge. (5:09-cr-00332-FL-4)

Submitted: April 30, 2012          Decided: May 3, 2012

Before WILKINSON, GREGORY, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jorgelina E. Araneda, ARANEDA LAW FIRM, P.C., Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alphonso Rodriguez pled guilty, pursuant to a written plea agreement, to one count charging him and eleven codefendants with conspiracy to distribute contraband cigarettes, transport stolen merchandise in interstate commerce, and sell and dispose of counterfeit tax stamps, in violation of 18 U.S.C. § 371 (2006). As part of the plea agreement, Rodriguez agreed to pay restitution for lost tax revenue, with the total amount of restitution not exceeding $20,000. The district court sentenced Rodriguez to eight months in prison and ordered him to pay restitution in the amount of $20,000. Rodriguez timely appealed. We affirm.

On appeal, Rodriguez raises two claims. First, Rodriguez argues that the district court violated his equal protection rights because the court did not consider the fact that as a result of his sentence, Rodriguez faced adverse immigration consequences not faced by other coconspirators. Second, Rodriguez claims that the district court erred in ordering restitution in the amount of $20,000 after incorrectly interpreting the plea agreement to preclude a lower award.

We review a sentence for reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41, 51 (2007). This standard of review involves two steps. Under the first, we examine the sentence

2

for significant procedural errors, and under the second, we review its substantive reasonableness. United States v. Wilkinson, 590 F.3d 259, 269 (4th Cir. 2010).

Significant procedural errors include improperly calculating the Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, choosing a sentence based on clearly erroneous facts, and failing to sufficiently explain the chosen sentence, including any deviation from the Guidelines range. Gall, 552 U.S. at 51. If there are no significant procedural errors, we consider the substantive reasonableness of the sentence, under the totality of the circumstances. Id. Where, as here, the district court imposes a variant sentence, we consider the extent of the variance, giving deference to the district court's conclusion that the § 3553(a) factors justify the level of variance. Id.

We conclude that the district court committed neither procedural nor substantive error. While Rodriguez argues that his sentence is unreasonable because he may face adverse immigration consequences as a result of his sentence that his coconspirators, U.S. citizens, will not, it is well settled that codefendants and coconspirators may be sentenced differently for their commission of the same offense. United States v. Pierce, 409 F.3d 228, 235 (4th Cir. 2005). A criminal sentence violates the Equal Protection Clause "only if it reflects disparate

3

treatment of similarly situated defendants lacking any rational basis." Id. at 234.  Our review of the record reveals no valid equal protection challenge to Rodriguez's sentence.  Therefore, this claim lacks merit.

Rodriguez next asserts that the district court's restitution order was unreasonable because the court misconstrued the plea agreement.  Again, we review a sentence for reasonableness "under a deferential abuse-of-discretion standard."  Gall, 552 U.S. at 41, 51 (2007).  The record belies Rodriguez's interpretation of the district court's construction of the plea agreement and its reason for the restitution amount.  Accordingly, the court's restitution order was not unreasonable.

We affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED